# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5842 | **DATE** | 9/27/2001 |
| **CASE TITLE** | SENIOR INDUSTRIES, INC. Vs. THOMAS & BETTS CORP., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court affirms in part the Magistrate's Order denying Senior Industries motion to preclude Mr. Chovanes' testimony and rejects in part the Magistrate's Order awarding attorney fees to T&B in response to Senior Industries' motion to preclude Mr. Chovanes testimony [70-2].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 2 8 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 114 |
| | Mail AO 450 form. | | 15 docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 01 SEP 27 PM 5:12 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

SENIOR INDUSTRIES, INC. )
)
    Plaintiff/Counter-Claim Defendant )
)
v. ) NO. 98 C 5842
)
THOMAS & BETTS CORPORATION, )
DIAMOND COMMUNICATIONS )
PRODUCTS, INC. and SACHS )
COMMUNICATIONS, INC., a/k/a/ )
SACHS WORLDWIDE COMPANY )
)
    Defendants/Counter-Claim Plaintiffs. )

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Plaintiff Senior Industries, Inc., (hereinafter 'Senior Industries'), filed an objection dated June 13, 2001, to the Magistrate Judge's Order denying Senior Industries' motion to preclude the expert testimony of Mr. Eugene Chovanes (hereinafter 'Mr. Chovanes'). Mr. Chovanes is a lawyer who was proffered by Defendants Thomas & Betts Corp. et al (hereinafter 'T&B') to testify as a patent law expert. Judge Rosemond in his Order ruled that Senior Industries' motion lacked any merit and, therefore, allowed the testimony of Mr. Chovanes, and additionally awarded T&B attorney fees incurred in responding to Senior Industries' motion. For the reasons set forth below, the Court affirms in part and rejects in part the Magistrate's Order.

1

## **BACKGROUND FACTS**

The original cause of action in this case is for patent infringement. On or about June 30, 2000, T&B served Senior Industries' with the expert report of Mr. Chovanes. The report identified Mr. Chovanes as an attorney-at-law registered to practice patent law before the United States Patent and Trademark Office (hereinafter 'U.S.P.T.O.'), who would testify on the various topics concerning patent law. These topics included practice before the U.S.P.T.O., patent validity, unenforceability, claim construction, direct infringement, prior art, and equitable estoppel and laches, to name a few. Both parties submitted briefs on the issue of whether or not Mr. Chovanes testimony should be allowed. Senior Industries' arguing that the opinion of Mr. Chovanes should be excluded on the basis that his testimony would prejudice the trier of fact, as the topics that Mr. Chovanes cover in his opinion are related to matters of law, which are matters that are reserved for the Court to decide, not the trier of fact. T&B, in their brief submitted in response to Senior Industries' motion to preclude Mr. Chovanes testimony, argued that patent law is highly complex, and Mr. Chovanes is being offered to lay a foundation for understanding the commonly used terms in patent law, as well as to help clarify the issues and laws related thereto. In his Order, Magistrate Judge Rosemond ultimately decided the Senior Industries' motion to preclude Mr. Chovanes testimony was wholly without merit, not supported by any case law, and therefore denied the motion while awarding attorney fees incurred in connection with responding to Senior Industries' motion to preclude Mr. Chovanes testimony.

# DISCUSSION

A magistrate judge's ruling on a non-dispositive matter may only be reversed on a finding that the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Pretrial motions are considered non-dispositive of litigation and are reviewed by the district court under the more lenient clearly erroneous standard. *United States v. Premises Known As 281 Syosset Woodbury Road,* 862 F. Supp. 847, 851 (E.D. N.Y.1995, *aff'd* 71 F. 3d 1067 (2d Cir. 1995). "A finding is clearly erroneous when although there is enough evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948).

## Senior Industries Motion Was Not Wholly Without Merit

Senior Industries' motion was not wholly without merit as there are clear examples in case law where one side may challenge to exclude the testimony and opinions of an expert. In fact, one of the issues raised in Senior's motion was with respect to Mr. Chovanes' proposed opinion concerning claim construction, and the laws related to it. Senior's challenge to Mr. Chovanes' testimony is justified in light of the case law. With respect to Senior's objection to Mr. Chovanes' opinion on claim construction, it has been established that intrinsic evidence is "the most significant source of the legally operative meaning of the disputed claim language" and, ordinarily, the intrinsic evidence, alone, is sufficient to resolve any ambiguities and determine the meaning of a disputed claim term. *Vitronics v. Conceptronic,* 90 F. 3d 1576,

1582-83 (Fed. Cir. 1996). When the intrinsic evidence is unambiguous, it is improper for the court to rely on extrinsic evidence, *e.g.* expert testimony, for the purposes of claim construction. *Id.* at 1583. A court may, however, rely on extrinsic evidence to interpret claims if claim language "remains genuinely ambiguous after consideration of the intrinsic evidence." *Bell & Howell Document Management Prods. Co. v. Altek Sys.*, 132 F. 3d 701, 706 (Fed. Cir. 1997). Furthermore, extrinsic evidence may be considered only to assist in the court's understanding of the patent, not to vary or contradict the term of the claims. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 981 (Fed. Cir. 1995). For example, extrinsic evidence may be helpful in explaining the meaning of technical terms of art that appear in the patent and prosecution history. *Id* Opinion testimony of experts and the inventor, however, should be treated with "utmost caution" and may only be relied upon if the patent documents, taken as a whole, are insufficient to enable the court to construe disputed claim terms. *Id.* Such instances rarely, if ever, occur. *Vitronics*, 90 F. 3d at 1585.

The case law clearly establishes that expert opinions, concerning claim construction, should only be relied to help understand the meaning of technical terms of art appearing in the patent, and therefore Senior has raised a valid argument against allowing Mr. Chovanes' testimony as he is not an engineer or expert in the field, qualified to offer assistance in understanding the meaning of technical terms of art found within the patent. Furthermore, Mr. Chovanes' testimony concerning claim construction relates to the laws used in construing claims. It is well established that claim construction is a matter of law, to be decided by the judge and not the jury. *Markman,* 116 S.Ct. 1384, 1386 (1996) Mr. Chovanes' testimony does not offer the assistance of explaining terms of art found within the patent, and as such, his testimony does not

4

assist the Court in construing the claim interpretation. In fact, Mr. Chovanes testimony could be viewed as creating a prejudice with the jury as his opinions relating to the laws on proper claim construction could influence a jury into believing that the Court, the proper entity responsible for construing claims, has misconstrued or misapplied the law, and as such the jury may be inclined to attempt to give their own construction to the claims based upon the laws testified to by Mr. Chovanes. Patent lawyers, not skilled in the art, as to how to construe the language of the patent generally will not be helpful and may be excluded. *Endress + Hauser, Inc. v. New Hawk Measurement, Systems, Pty, Ltd.*, 122 F. 3d 1040, 1042 (Fed. Cir. 1997).

The discretion to decide whether or not to allow an expert's testimony is wholly with the trial judge though, and he or she has a broad discretion making that decision. *Acoustical Design, Inc. v. Control Elecs. Co.*, 932 F. 2d 939 (Fed. Cir.), *cert denied 502 U.S. 863, 112 S. Ct. 185, 116 L. Ed. 2d 146 (1991)* The key aspect to permitting expert testimony with regard to patent law is the discretion of the court to adopt the expert opinion, find guidance from it, or ignore it entirely. *See Markman*, 52 F. 3d at 983. Therefore, as Magistrate Judge Rosemond had the discretion in deciding whether or not to allow part or all of Mr. Chovanes' testimony, the Order is affirmed. With respect to the award of attorney fees based upon a wholly merit less motion, Magistrate Judge Rosemond's Order is rejected, as there is clearly case law that relates to excluding expert testimony, and to making challenges to attorneys offering expert opinions in patent cases, especially when the attorney does not have the technical background or expertise in the particular field of the patent or invention in question. The motion cannot be concluded to be meritless.

## CONCLUSION

For the foregoing reasons, the Court affirms in part the Magistrate's Order denying Senior Industries motion to preclude Mr. Chovanes' testimony, and rejects in part the Magistrate's Order awarding attorney fees to T&B in response to Senior Industries' motion to preclude Mr. Chovanes testimony (#70-2).

SO ORDERED: 9/27/01

ENTERED:

Ronald A. Guzman
**United States Judge**